IN THE UNITED STATES DISTRICT COURT

CENTRAL DIVISION, DISTRICT OF UTAH

| | | |
|---|---|---|
| TAPSCAN, INC., | : | Case No. 2:04CV696 DB |
| Plaintiff, | : | |
| vs. | : | MEMORANDUM DECISION AND ORDER |
| JAYNA FRIBERG, | : | JUDGE DEE BENSON |
| Defendant. | | MAGISTRATE JUDGE BROOKE C. WELLS |

This matter is before the Court pursuant to Defendant, Jayna Friberg's, Motion to Compel coupled with her request for attorney fees. See Motion, docket no. 22. Plaintiff, Tapscan Inc., also seeks its costs and fees arguing that Defendant's motion is meritless. Opp. p. 2; docket no 26. The Court having reviewed the parties memoranda as well as the applicable law enters the following Order.

This is a copyright action seeking damages from Defendant for her alleged infringement on Plaintiff's purported "exclusive rights and privileges in and to the copyright in the Omega Software." Am. Comp. ¶ 7. Plaintiff also alleges that it is entitled to the fair and reasonable value of Defendant's use and/or possession of the Omega Software. See id. ¶¶ 1, 5-8.

Plaintiff also seeks an injunction preventing Defendant from continuing her alleged infringement in the future. See id. Prayer for Relief ¶ 3.

Defendant raises a number of defenses. However, Affirmative Defense numbers 3 and 5 are most relevant to the instant dispute. Defendant's Third Affirmative Defense states:

> Plaintiff lacks standing to bring this action on the grounds that, among other things, it is not a valid corporation and that, at all relevant times, did not hold the copyright as alleged in plaintiff's Amended Complaint.

Answer ¶. 20.

Defendant's Fifth Affirmative Defense states "Defendant, as an affirmative defense, alleges that any possession she had of the software was authorized." Id. ¶ 22.

In November of 2004, Defendant served upon Plaintiff her First Set of Interrogatories and her First Request for Production of Documents. In January 2005, Plaintiff served its responses to both the interrogatory and document requests. However, the parties were unable to come to an agreement concerning Interrogatory No. 2, and Request for Production of Documents Nos. 5, 9, and 11. Plaintiff contested that the interrogatory and document requests were neither relevant or reasonably calculated to lead to the discovery of relevant evidence. See Pla.'s Response attached as Ex. E to Def.'s Motion. Defendant

2

countered, arguing that the interrogatory and document requests were relevant to Defendant's affirmative defenses. See Mem. in Supp. p. 4-6. Unfortunately, the parties reached an impasse and the instant motion was filed.

Relevancy is broadly construed during the discovery stages of litigation. See Smith v. MCI Telecomm. Corp. 137 F.R.D. 25, 27 (D.Kan. 1991). Under the Federal Rules, "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Accordingly, "'[o]nce a party has requested discovery, the burden is on the party objecting to show that the discovery is not relevant . . . .'" Smith 137 F.R.D. at 27 (quoting Thomas M. Pickett, Sr. v. Bridgestone (U.S.A.), Inc. et al., Case no. 86-4281 (D.Kan. 1988)); accord Oleson v. Kmart Corp, 175 F.R.D. 570, 571 (D.Kan. 1997).

Interrogatory No. 2 states:

> Identify all documents which refer or relate in any way to any transfer, assignment or license of all or any portions of any Omega Software for which you claim you own the copyright.

Def.'s First Set of Interrogatories p. 4, attached as Ex. B to Def.'s Mtn.

Notwithstanding Plaintiff's objections, the Court finds this interrogatory relevant to the instant dispute. If Plaintiff transferred or assigned some of its rights in the copyright to another individual or entity, then Plaintiff may not have standing to bring this action. Plaintiff claims that their "copyright certificate is *prima facie* proof that it owns the copyright." Opp. p. 4. The Court does not disagree with this argument. However, Defendant is entitled to rebut this presumption and alleges that Plaintiff does not own the copyright as part of Defendant's Third Affirmative Defense.

Accordingly, the Court finds Interrogatory No. 2 relevant and hereby ORDERS Plaintiff to answer this Interrogatory. However, this is only to pertain to the Omega Software which is at issue here, apparently Omega32. The Court cannot find any need for Plaintiff to provide transfer, license, or assignment agreements for software that is not part of this dispute.

Document Request No. 5 seeks "All documents which refer to any agreement, assignment, license or transfer of any portion of the Omega Software to Arbitron." Def.'s First Request for Production of Documents p. 3, attached as Ex. C to Def.'s Mtn.

The Court finds that Defendant's request is relevant to the issues in this case. Specifically, if she had permission from Arbitron to possess or use the software then any agreements between Plaintiff and Arbitron would support Defendant's Fifth

4

Affirmative Defense. Accordingly, Plaintiff is hereby ORDERED to produce any documents that pertain to Document Request No. 5. Once again this is to be limited to the software that is at issue in this case.

Document Request No. 9 seeks "[a]ll documents which refer to any agreement, assignment, license or transfer of any portion of the Omega Software to any third party not produced in response to Request Nos. 5 through 8, . . . . ." Def.'s First Request for Production of Documents p. 4, attached as Ex. C to Def.'s Mtn.

As mentioned supra, this appears relevant to Defendant's Fifth Affirmative Defense. Under the broad relevancy standards Plaintiffs are HEREBY ORDERED to provide those documents which meet Document Request No. 9 provided they are applicable to the software at issue.

Document Request No. 11 requests "[t]he Bylaws of Tapscan, Inc." Def.'s First Request for Production of Documents p. 4, attached as Ex. C to Def.'s Mtn. Defendant argues that Request No. 11 "was designed to see what authority there may be in the Bylaws for transferring or assigning of software licenses." Mem. in Supp. p. 10. Plaintiff counters, arguing that this request is simply a "speculative chain" and will not support "the proposition that Tapscan has in fact granted a license to some third party who, in turn granted Friberg permission to make copies of the Omega32 software." Opp. p. 8.

5

The Court agrees with Defendant's argument. If Tapscan is allowed to enter into licensing agreements under the Bylaws, then perhaps, this information may lead to some evidence that they in fact did enter into a certain agreement. The question is not whether such evidence would be admissible at trial, but whether it fits within the well settled broad discovery standards. The Court finds that it does. Accordingly, Plaintiff is HEREBY ORDERED to produce its Bylaws.

Both parties seek their attorney fees in either bringing or defending against the instant motion. After considering the parties' requests, the relevant law and the nature of the dispute the Court hereby DENIES both parties' request for attorney fees and costs. Each party is to bear their own costs associated with the instant motion.

Finally, the Court wishes to note the serious concerns it has with Defendant's putative failure to properly disclose under Federal Rule 26. Defendant seeks documents concerning license agreements from certain companies. According to Plaintiff, however, "none are listed in Rule 26 Disclosures as an entity which authorized her use of the Omega32 software." Opp. p. 7. Pursuant to Rule 26(a), Defendant is required to disclose either initially or in a timely manner, information concerning parties that may be used to support her claims or defenses. See Fed. R. Civ. P. 26(a)(1)(A). Plaintiff argues that Defendant's Rule 26

Disclosures are, "even now after the close of discovery, completely silent on this topic. Had she been authorized to use Omega32 at the relevant times, she would have disclosed who gave her authorization." Opp. p. 7. If Plaintiff's allegations concerning Defendant's Rule 26 disclosures turn out to be true, then certainly they will form a strong basis for a motion in limine which may prevent the admission of the very information Defendant seeks in this motion. However, at this time, the Court finds it appropriate under the broad discovery standards to Grant Defendant's Motion to Compel.

## CONCLUSION

Based on the foregoing, Defendant's Motion to Compel is GRANTED in part and DENIED in part. Both sides are to pay their respective fees and costs. Plaintiff is to produce the information ordered by the Court within 45 days from the entry of this order. If needed, the parties are to agree and submit to the Court a protective order protecting the privacy of this information.

DATED this 17 day of June, 2005.

BY THE COURT:

_/s/ Brooke C. Wells_
BROOKE C. WELLS
United States Magistrate Judge

7